IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, FORT MYERS DIVISION

In Re:

DONALD MARCUSSON AND KERRIE ANN     Case No. 2:17-bk-01890-FMD
MACUSSON,

_____Debtors._____/

## APPLICATION TO EMPLOY SPECIAL COUNSEL FOR TRUSTEE

The Application of ROBERT E. TARDIF JR., Chapter 7 Trustee in the above-referenced case, respectfully, represents:

1. Applicant has been duly appointed as Trustee of the above-named Debtor's estate and is now acting as such Trustee.

2. It is necessary that the Applicant employ an attorney in connection with the administration of this bankruptcy estate for the following reasons:

   a. To investigate and pursue a personal injury claim and assist in the resolution of the claim;

   b. To further perform reasonable and necessary legal services as necessary.

3. Applicant reasonably believes that it is in the best interests of this bankruptcy estate, to have counsel who is extremely familiar with both the particular aspects of the Debtor's case and the general aspects of the claim, including settlement of similar claims, to provide the Trustee with relevant settlement information to facilitate the efficient administration of settlement proceeds through the estate in such a manner as is consistent with federal bankruptcy laws and any settlement agreement reached.

4. Applicant states A. Layne Stackhouse, of Shrader & Associates, LLP, 9 Greenway Plaza Suite 2300, Houston, TX 77046, together with the firms of Akin Mears, LLP, 6363 Woodway Drive, Suite 900, Houston, TX 77057 and Lopez McHugh, 120 Vantis Drive, Suite 430, Aliso Viejo, CA 92656, are attorneys and law firms that have attorneys who are duly admitted to practice and are counsel of record, in regards to the Settlement. Applicant submits that the lawyer/law firms are qualified to act as attorney in connection with the administration of this bankruptcy estate asset.

5. Applicant states that the lawyer/law firms do not represent any interest adverse to the estate of the bankrupt.

6. To the best of Applicant's knowledge, the lawyer/law firms have had contact with the Debtor, or their respective attorneys, only as required to represent the Debtor in the pursuit and settlement of the claim, and/or the underlying action giving rise to settlement.

7. Applicant submits that it will be economical and consistent with the purposes and policies of the Bankruptcy Code that Applicant be authorized to retain the lawyers/law firms as attorney herein. This retention, if authorized, will enable a cohesive, unitary administration of the bankruptcy estate through an integrated approach to the Settlement as it relates to the bankruptcy estate. This approach will inure to the benefit of said estate and its creditors.

8. Pursuant to Rule 2014, Applicant hereby designates the lawyers/law firms as its case attorney for the above-referenced Chapter 7 estate with compensation arrangements and source of payment as follows:

   a. The lawyers/law firms, or a law firm which subsequently engaged the lawyers/law firms firm as co-counsel and which said firm may be entitled to share in the legal fee, entered into a Contingent Fee Agreement with Debtor, which provides for a contingency fee of 40% of the gross settlement amount, plus reimbursement of reasonable expenses. Further, above-referenced proposed special counsel have agreed to split the 40% of attorney's fees as follows: (1) 60% to Shrader & Associates, LLP (2) 40% to Akin Mears and (3) 7.5% to Lopez McHugh, which will be shared pro rata by Shrader & Associates, LLP, and Akin Mears from each firms' share of the attorney's fees noted above.

   b. A common benefit assessment was established and, as a result, 8% of the Debtor's gross settlement amount will not be received by the Debtor or the bankruptcy estate.

9. Applicant intends to apply to this Court for compensation for the lawyers/law firms.

10. In connection with its representation of this Chapter 7 estate, the lawyers/law firms shall render all legal services necessary and customary in the representation of a Chapter 7 estate. The professional services of the lawyers/law firms, with respect to the administration of the Settlement, include, but are not limited to:

   a. Giving the estate and Applicant advice with respect to its power and duties as Trustee in the administration of the settlement asset for the Debtor's estate asset (from settlement);

   b. Taking necessary action to prevent the foreclosure or depletion of the estate's settlement asset; and

      c.      Performing all other legal services for the estate which may be necessary to integrate settlement information with the Debtor's estate.

11.    It is necessary for the Applicant, as Trustee, to employ an attorney for such professional services to ensure the efficient administration of this settlement and estate asset.

12.    In support of this Application for Employment of the lawyers/law firms as counsel for the above-referenced Chapter 7 estate, Applicant files the Affidavit of the lawyers/law firms of the lawyers/law firms. A copy of the Affidavit complying with the requirements set forth in Rule 2014 and Rule 5002 is attached hereto as Exhibit A.

13.    This Application is not made at the recommendation of any party and is made solely at the instance of the Applicant.

## *Certificate of Service*

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronically via the CM/ECF system to the Assistant United States Trustee on the 9th of December, 2024.

        / s / Robert E. Tardif Jr.
Robert E. Tardif Jr., Trustee
P.O. Box 2140
Fort Myers, FL 33901
Telephone: (239) 334-0068
Facsimile: (239) 334-3378
Email: rtardif@comcast.net

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, FORT MYERS DIVISION

In Re:

DONALD MARCUSSON AND KERRIE ANN            Case No. 2:17-bk-01890-FMD
MACUSSON,

_____Debtors._____/

## AFFIDAVIT OF DISINTEREST PURSUANT TO BANKRUPTCY RULE 2014(a)

NOW COMES A. Layne Stackhouse, of Shrader & Associates, LLP, 9 Greenway Plaza, Suite 2300, Houston, TX 77046, who makes the following statement under oath:

1. I am an attorney authorized to practice my profession under the laws of the States of Texas and Kentucky.

2. I am experienced in personal injury law, and I am currently an attorney with the law firm stated above.

3. The Trustee has asked that I and my law firm, together with additional law firms, perform the professional services as set forth in the Trustee's Application for Employment on behalf of the estate. We are experienced and qualified in the matters for which we are to be employed as set forth in the Application.

4. Neither I, nor the firm with which I am associated:

   a. are a creditor, an equity security holder or an insider of the debtor;

   b. are an investment banker for any outstanding security of the debtor;

   c. are or have been, within three years before the date of the filing of the petition in this case, an investment banker for securities of the debtor, or an attorney for an investment banker in connection with securities of the debtor;

   d. are or have been, within the two years before the date of the filing of the petition in this case, a director, officer, or employee of the debtor or an investment banker specified in subparagraph b or c; and

   e. have any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker specified in subparagraph b or c, or for any other reason.

5. To the best of my knowledge, neither I nor the firm with which I am associated hold or represent any interest adverse to the interest of the estate. Neither I nor the firm with which I am associated have any connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, EXCEPT as described as follows: We were representing the Debtor with respect to a personal injury claim that we are now being retained by the bankruptcy estate to pursue.

6. Neither I nor the firm with which I am associated, has shared or agreed to share and will not share or agree to share, any compensation paid to it with any other person EXCEPT that there is a fee-sharing agreement between the attorneys and law firms reflected in the Application to Employ.

7. The contingent rate charged by our firm are as follows: 40% of any and all amounts recovered before expenses. In addition to our firm's compensation, we are entitled to be reimbursed for the reasonable costs of prosecution of the claim.

Dated: 11/6/2024

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, FORT MYERS DIVISION

In Re:

DONALD MARCUSSON AND KERRIE ANN     Case No. 2:17-bk-01890-FMD
MACUSSON,

_____Debtors._____/

**AFFIDAVIT OF DISINTEREST PURSUANT TO BANKRUPTCY RULE 2014(a)**

NOW COMES Rebecca L. Tortorici, of Akin Mears, LLP, 6363 Woodway Drive, Suite 900, Houston, TX 77057, who makes the following statement under oath:

1. I am an attorney authorized to practice my profession under the laws of the State of Texas.

2. I am experienced in personal injury law, and I am currently an attorney with the law firm stated above.

3. The Trustee has asked that I and my law firm, together with additional law firms, perform the professional services as set forth in the Trustee's Application for Employment on behalf of the estate. We are experienced and qualified in the matters for which we are to be employed as set forth in the Application.

4. Neither I, nor the firm with which I am associated:

   a. are a creditor, an equity security holder or an insider of the debtor;

   b. are an investment banker for any outstanding security of the debtor;

   c. are or have been, within three years before the date of the filing of the petition in this case, an investment banker for securities of the debtor, or an attorney for an investment banker in connection with securities of the debtor;

   d. are or have been, within the two years before the date of the filing of the petition in this case, a director, officer, or employee of the debtor or an investment banker specified in subparagraph b or c; and

   e. have any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker specified in subparagraph b or c, or for any other reason.

5. To the best of my knowledge, neither I nor the firm with which I am associated hold or represent any interest adverse to the interest of the estate. Neither I nor the firm with which I am associated have any connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, EXCEPT as described as follows: We were representing the Debtor with respect to a personal injury claim that we are now being retained by the bankruptcy estate to pursue.

6. Neither I nor the firm with which I am associated, has shared or agreed to share and will not share or agree to share, any compensation paid to it with any other person EXCEPT that there is a fee-sharing agreement between the attorneys and law firms reflected in the Application to Employ.

7. The contingent rate charged by our firm are as follows: 40% of any and all amounts recovered before expenses. In addition to our firm's compensation, we are entitled to be reimbursed for the reasonable costs of prosecution of the claim.

Dated: November 6, 2024

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, FORT MYERS DIVISION

In Re:

DONALD MARCUSSON AND KERRIE ANN         Case No. 2:17-bk-01890-FMD
MACUSSON,

_____Debtors._____/

**<u>AFFIDAVIT OF DISINTEREST PURSUANT TO BANKRUPTCY RULE 2014(a)</u>**

NOW COMES James J. McHugh, Jr., of Lopez McHugh, LLP, 120 Vantis Drive, Suite 430, Aliso Viejo, CA 92656, who makes the following statement under oath:

1. I am an attorney authorized to practice my profession under the laws of the States of New Jersey and Pennsylvania.

2. I am experienced in personal injury law, and I am currently an attorney with the law firm stated above.

3. The Trustee has asked that I and my law firm, together with additional law firms, perform the professional services as set forth in the Trustee's Application for Employment on behalf of the estate. We are experienced and qualified in the matters for which we are to be employed as set forth in the Application.

4. Neither I, nor the firm with which I am associated:

   a. are a creditor, an equity security holder or an insider of the debtor;

   b. are an investment banker for any outstanding security of the debtor;

   c. are or have been, within three years before the date of the filing of the petition in this case, an investment banker for securities of the debtor, or an attorney for an investment banker in connection with securities of the debtor;

   d. are or have been, within the two years before the date of the filing of the petition in this case, a director, officer, or employee of the debtor or an investment banker specified in subparagraph b or c; and

   e. have any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker specified in subparagraph b or c, or for any other reason.

      5.      To the best of my knowledge, neither I nor the firm with which I am associated hold or represent any interest adverse to the interest of the estate. Neither I nor the firm with which I am associated have any connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, EXCEPT as described as follows: We were representing the Debtor with respect to a personal injury claim that we are now being retained by the bankruptcy estate to pursue.

      6.      Neither I nor the firm with which I am associated, has shared or agreed to share and will not share or agree to share, any compensation paid to it with any other person EXCEPT that there is a fee-sharing agreement between the attorneys and law firms reflected in the Application to Employ.

      7.      The contingent rate charged by our firm are as follows: 40% of any and all amounts recovered before expenses. In addition to our firm's compensation, we are entitled to be reimbursed for the reasonable costs of prosecution of the claim.

Dated: November 7, 2024

_____
James J. McHugh, Jr.